# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON J. SPROUT, | CASE NO. 1:09-cv-1676 SKO |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING EXTENSION OF TIME TO FILE DEFENDANT'S RESPONSIVE BRIEF |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | (Docs. 13, 14) |
| Defendant. | |

On May 4, 2010, Plaintiff filed his opening brief. (Doc. 12.) Pursuant to the Court's scheduling order, Defendant's responsive brief was due within thirty (30) days. (Doc. 6 ¶ 7.) Because Defendant had neither filed his brief by that date, nor requested additional time to do so, the Court ordered Defendant, by June 25, 2010, to file his responsive brief or to show cause why the Court should not impose sanctions under Local Rule 110 for failing to comply with an order of this Court. (Doc. 13.)

On June 22, 2010, Defendant's counsel responded to the order to show cause and delineated the reason for the delay: "[D]ue to the heavy work load of the undersigned in this Court and other jurisdictions and forums, several cases formerly being handled by the undersigned were reassigned to other counsel within the Office of the Regional Chief Counsel." (Doc. 14 at 2.) "Through inadvertence, the subject case was improperly accounted for, resulting in the subject oversight." (*Id.*)

The parties have stipulated to an extension of time to July 7, 2010, for Defendant to file his responsive brief.

The Court may, for good cause, extend the time in which to do an act after the expiration of the time to do so if the party failed to act because of excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). As the United States Supreme Court has noted,

> "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted); *see also Cal. Trout v. FERC*, 572 F.3d 1003, 1027 n.1 (9th Cir. 2009) (Gould, J., dissenting). "To determine whether neglect is excusable, a court must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (*quoting Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Here, the danger of prejudice to Plaintiff is minimal. Moreover, the length of the delay and its impact on the proceedings are not substantial. Further, although the reason for the delay appears to have been carelessness of Defendant's counsel, this does not render the neglect inexcusable. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (consideration of reason for delay under *Pioneer* includes whether delay was within movant's reasonable control; district court did not abuse its discretion in granting extension of time to file notice of appeal because of attorney's calendaring error); *Marx v. Loral Corp.*, 87 F.3d 1049, 1054 (9th Cir. 1996) (affirming order granting extension of time in case involving attorney's calendaring error). Finally, Defendant's counsel appears to have acted in good faith. In sum, Defendant's neglect in filing his responsive brief was excusable.

1  Accordingly, the Court DISCHARGES the Order to Show Cause. (Doc. 13.) Upon the
2 parties' stipulation, it is further ORDERED that Defendant shall file his responsive brief by **no later**
3 **than July 7, 2010.**

IT IS SO ORDERED.

**Dated:   June 24, 2010**          /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE